# CHARLESTON.

BARKER v. OHIO RIVER RAILROAD COMPANY.

Submitted January 10, 1902.   Decided April 5, 1902.

1. DEPOTS—*Railroad's Duty.*
      It is the duty of a railroad company to keep its depots and platforms in safe condition and free from dangerous defects for the safety of its passengers. (p. 428).

2. PRESUMPTION OF PASSENGER—*Negligence.*
      A person going to a depot to become a passenger has the right to presume that the company has discharged such duty, and is not bound to keep a lookout for defects occasioned by the company's negligence, other than such as ordinary prudence might require for self-protection. (p. 425).

3. PASSENGER—*Contributory Negligence of Company.*
      If a passenger while trying to get her children onto the platform of a railroad station, unconsciously steps back into a hole in the platform of which she had no previous knowledge, she is

not guilty of contributory negligence, although if she had been walking face forwards, in the direction of such hole, she could have, easily, seen the same. Her walking backwards or failure to look backwards is not negligence when there is nothing to warn her of the company's negligence, and it is not her duty to presume it or look for it. (p. 427).

4. RAILROAD—*Gross Negligence—Personal Injury.*

A railroad company cannot be excused from gross negligence on its part, although the act of the injured person contributed thereto, unless it be shown in evidence that such person was guilty of legal negligence, that is, some act of negligence that an ordinarily prudent person would not have been guilty of under the same circumstances. (p. 428).

5. EVIDENCE—*Reversible Error.*

It is not reversible error to admit in evidence the fact that the plaintiff's two children who were with her at the time of her injury were still living. (p. 432).

5. EXPERT EVIDENCE—*Opinion of Witness.*

It is not reversible error to permit a physician to give his opinion as to the cause of a diseased condition of the human body. (p. 432).

Error to Circuit Court, Mason County.

Action by Myrtle L. Barker against the Ohio River Railroad Company. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

W. R. GUNN, C. E. HOGG, and SOMMERVILLE & SOMMERVILLE, for appellant.

H. P. CAMDEN and RANKIN WILEY, for appellee.

DENT, PRESIDENT:

The Ohio River Railroad Company complains of a judgment of the circuit court of Mason County rendered against it on the 21st day of May, 1900, for the sum of six thousand five hundred dollars in favor of Myrtle L. Barker, plaintiff.

The facts necessary to a determination of this controversy are as follows: On the 2d day of July, 1898, the plaintiff in the day time, went to the depot at Clifton of the defendant for the purpose of taking a south bound train. She had with her two children, one a nursing babe in a baby carriage, the other, four years old, was following behind her. She stepped upon the rear platform of the depot and she and her sister lifted the

baby carriage up. She called her other child with the intention of lifting him upon the platform, took a step backwards and fell into a hole twelve inches wide and extending clear across the platform in front of the entrance door, it being occasioned by a plank becoming loose and having been washed out by the March flood. The station agent's attention had been especially called to it, but no pretense had been made to repair it. The company's negligence under the circumstances was as gross as it possibly could be, and the only possible avenue of escape is the customary dernier resort of alleged contributory negligence, and yet numerous errors are assigned for the consideration of the court. They are classified under the following four classes, by defendant's attorneys:

1. Does the declaration aver, and does the evidence prove, that the defendant was a common carrier of passengers, so as to charge it with the high duty imposed by the common law upon common carriers of passengers?

2. Was the plaintiff guilty of contributory negligence?

3. Did the court err in refusing to enter judgment for defendant on the special findings of the jury?

4. Did the court err in refusing to grant a new trial?

It is useless to dwell on the first. The objection is that the declaration does not allege in express terms that the defendant is a common carrier. It does allege that it is a railroad corporation operating a railroad from the city of Wheeling to the town of Kenova. All railroads in this State are common carriers. Section 9, Art. XI, Const.; *Railroad Co.* v. *Transp't N. Co.*, 25 W. Va. 324.

On the question of contributory negligence the facts are undisputed, and it depends entirely on the degree of care required of passengers entering upon a railroad platform or depot. Are they in duty bound to keep a lookout for pitfalls or death traps, or have they a right to assume that the depot is in safe repair, and without knowledge of a defect are they only required to use such ordinary care as is required of a person in case such depot is in safe repair? If the defect is apparent and they carelessly walk into it, they are guilty of contributory negligence, on the theory that he who is aware of another's negligence must avoid it if possible. The plaintiff had the right to assume that the platform was reasonably safe for travel and she was not in duty bound to keep a lookout for defects. The portion on which she

had momentarily entered was safe and nothing had suggested to her that any portion was unsafe. She was busily engaged in getting her children onto the platform when she stepped backward into the hole. Had she looked she could have seen it, yet she did not know it and there was nothing other than the fact it was there to call her attention to it. In Elliott on Roads and Streets, s. 638, it is said that "Where the plaintiff assuming that a sidewalk was safe and knowing nothing to the contrary, permitted her attention to be momentarily attracted to some children playing in the street and fell into a hole in the sidewalk from which the cover had been removed, she was held not guilty of contributory negligence." In the case of *Barry* v. *Terkildson,* 72 Cal. 256, the court says: "The fact that her attention was momentarily attracted in another direction—a thing of the most common occurrence to travelers along a street falls far short of that contributory negligence which in law defeats an action of damages." In the case of *Jennings* v. *Van Schnick,* 108 N. Y. 531, the court says in speaking of a plaintiff who fell in a coal hole in the sidewalk: "She had the right to assume the safety of the sidewalk, and so was not called upon to give attention to her steps, until in some manner warned of danger." In the case of *The Brush Electric Lighting Company* v. *Kelley,* 126 Ind. 221, the court in approving the quotation above from Elliott on Roads, says: "She had the right to presume that the sidewalk was free from obstructions until her attention was in some way called thereto, and to act upon such presumption." And further on: "We can imagine many circumstances whereby the attention of the pedestrian might be attracted from the sidewalk, which would be sufficient to divert the attention of any reasonable person." *Noblesville Gas & Improvement Co.* v. *Locher,* 124 Ind. 79. Plaintiff had the right to assume that the platform was in a safe condition and act on such assumption until her attention was in some way called to the defect and her attention to her children was such as any reasonable person might be expected to give. In fact, there was no imprudence on her part. If before she stepped backward, she had looked, she would have seen the hole, but she was resting under the justifiable assumption that no such hole existed, and therefore there was nothing calling upon her to look backward. She had the right to assume that the company had discharged its duty, and that she could give the neces-

sary attention to her children without danger of injury from
its culpable negligence. In short, she acted as any other pru-
dent person would have done under the same circumstances and
with the same knowledge. Fetter on Carriers of Passengers,
130. Because she innocently confided in the company's faith-
ful discharge of its duties towards its passengers she cannot be
held guilty of contributory negligence. Trust and confidence
is not contributory negligence, although it may be unworthily
bestowed. She will not be so confiding hereafter. Her knowl-
edge and experience has increased, but her confidence is shat-
tered and her health destroyed. It is impossible to say that
she acted different under the circumstances from what any
other person of ordinary caution and prudence would have
acted. Of course, there are persons naturally highly cautious
and others who have had large experience with the manner in
which railroad stations and depots are usually managed and
who are continually on the alert for such defects. Such per-
sons cannot be classed with the ordinarily prudent. The law
requires an engineer to keep a lookout for helpless trespassers
on the track, qualified by consistency with the proper discharge
of his other duties. So any lookout for open defects the law
may require of passengers must be qualified not only by con-
sistency with the discharge of other duties to other persons, but
also with the just assumption of duty discharged on the part of
the company. A mother who goes to a depot to take a train
with her helpless children cannot be required to neglect proper
attention to such children and keep an active lookout for dan-
gerous pitfalls in her way by the negligence of the company,
for she has the right to assume there are none until she is in
some manner warned of their existence. Her first warning and
knowledge of the company's negligence came to her when she
fell backwards therein and was too late for her to avoid it. If
greater prudence is required of passengers than was exercised
by her on this occasion railroad companies should be required
to put up a general warning to the travelling public not to go
to their depots except at personal risk and thus avoid being
guilty of contributory negligence in case of accident. A little
care and a few nails at the proper time and place would save
an immense amount of trouble. "The plaintiff as a passenger
of the appellant was entitled to demand that the station's ap-
proaches and accessories used by it should be kept in a safe

condition." *Railway . Co.* v. *Lucas,* 119 Ind. 589. "Though
the conduct of the passenger has contributed to the injury sus-
tained, yet if such conduct has not been in a legal sense im-
prudent or negligent, he may recover, provided the carrier is in
fault." 5 Am. & En. En. Law (2d Ed.) 645. "To exonerate
defendant from liability for its negligence which also caused
plaintiff's injury, it is not sufficient that plaintiff by his act con-
tributed thereto, but it must .further appear that in doing that
act, he was at fault and guilty of what the law calls negligence."
*R. R. Co.* v. *Ball,* 55 N. J. L. 289. The only alleged act of
negligence that defendant can find in plaintiff's conduct was
that she was not on the lookout for and did not discover defen-
dant's negligence in time to avoid it. This is not legal negli-
gence, for she had the right to confide in plaintiff to some ex-
tent. Contributory confidence is not contributory negligence.
A person guilty of negligence should not be permitted to escape
the results thereof by setting up misplaced confidence as con-
tributory negligence. Facts sufficient to establish contributory
negligence not appearing determines the various other questions
presented in favor of the plaintiff. Defendant insists that the
court erred in giving the following instruction: "The court
instructs the jury that if they believe from the evidence that
the plaintiff, Myrtle L. Barker, went to the defendant's depot
in the town of Clifton, on the 2d day of July, 1898, with the
intention and for the purpose of becoming a passenger on one
of the defendant's passenger trains, and if they further believe
from the evidence that the said Myrtle L. Barker, after reach-
ing the platform of the said depot, and while on the said plat-
form, still intending so to become a passenger, not being at the
time guilty of contributory negligence on her part, fell into
a hole in the said platform, whereby she was injured, as in her
declaration is alleged; and if they further believe from the evi-
dence that the hole in the said platform was there in conse-
quence of the negligence of the defendant, then the jury should
find for the plaintiff, and assess her damages at such an amount
as the jury under all the evidence in the case believe her en-
titled to recover, not exceeding, however, the sum of ten thous-
and dollars." The objection to this instruction is that it leaves
out the question of contributory negligence. A bare reading of
the instruction shows this contention is unfounded.

Defendant also objects to the following instruction:

"The jury are further instructed that if they believe from the evidence that there was a hole in the platform of the defendant's depot into which the plaintiff fell and was injured, and that she was there, at the time of her injury, intending to become a passenger on one of the defendant's passenger trains, and that the hole was there by reason of the defendant's negligence, then the court further instructs the jury that before the defendant can avoid the consequences of such negligence on its part, it has the burden of proof upon it to show the contributory negligence of the plaintiff, and that such contributory negligence was the proximate, and not the remote, cause of the plaintiff's injury. And the court here instructs the jury that contributory negligence is the absence of that degree of care which an ordinarily prudent person of similar intelligence and of the same class, would exercise under like circumstances." This instruction is not open to serious objection in this case. While it puts the burden of proof on the defendant to prove contributory negligence, yet it does not deny the right of defendant to show such negligence by the plaintiff's evidence, but is only to the effect that contributory negligence cannot be sustained except by a preponderance of the evidence. "Similar intelligence" used in this instruction means ordinary intelligence and "the same class" is a distinction between passengers and employes, trespassers and licensees. Employes are charged with a much higher degree of care to avoid accidents than passengers and such an accident as this to an employe would be completely covered over with the flexible and expanding blanket of fellow servancy. The defendant was not injured by this instruction. Defendant objects to the following instruction: "The court further instructs the jury that the defendant, as a carrier of passengers, owes to those approaching or leaving its trains the duty of keeping its stations and platforms thereof in a reasonably safe condition for convenient use, and thereof the court instructs the jury that if they believe from the evidence that the plaintiff, Myrtle L. Barker, went to the defendant's depot in the town of Clifton, on the 2d day of July, 1898, with the intention and for the purpose of becoming a passenger on one of defendant's passenger trains, she had the right, upon reaching the platform of the said depot, to assume in the absence of information to the contrary, that such platform was then in a reasonably safe condition for her convenient use as such in-

tended passenger; and relying upon this assumption, she could neglect precautions that are ordinarily imposed upon persons, under such circumstances, not holding the relation to each other of that of passenger and carrier." This is simply no more than saying that the defendant owed her a higher degree of care than if she were not a passenger, and that therefore she was not required to take the same precautions as a trespasser, licensee or employe. Because defendant succeeded in getting instructions in terms stronger than it was entitled to does not justify the reversal of the judgment, although such instructions apparently conflict with defendant's instructions. Defendant in its management of this case by instructions and otherwise was endeavoring to show that it was the duty of the plaintiff not to confide in its discharge of duty, but to keep a lookout for its negligence so as to avoid the same. If the plaintiff acted prudently that was all she was required to do. There is no act of imprudence charged to her except that the defendant would make the fact that she did not keep a lookout for its negligence an act of imprudence. This may be true in fact, but it is not in law.

The defendant objects to the following instruction:

"The court instructs the jury that to become a passenger and entitled to protection as such, it is not necessary that a person shall have entered a train or paid his fare, but he is a passenger as soon as he comes within the control of the carrier at the station, through any of the usual approaches, with the intent to become a passenger. And the court therefore further instructs the jury that if they believe from the evidence that the plaintiff, Myrtle L. Barker, on the 2d day of July, 1898, went to the defendant's depot at the town of Clifton, by one of the usual routes thereto, for the purpose and with the intention of taking the next train, and stepped upon the platform of said depot with the intention and purpose of becoming such passenger, the plaintiff then became, in contemplation of law, a passenger of the defendant, provided she came to said depot and platform within a reasonable time before the time for the departure of said train, whether or not she had purchased a ticket from the defendant or its agent." It states the law correctly, as the plaintiff was entitled to the rights and protection of a passenger even before she purchased her ticket. 5 Am. & En. En. Law, (2d Ed.) 489.

Defendant insists the court should have given the following instruction: "The court instructs the jury that a person who uses a platform of a railroad station which his observation, exercised with an ordinary degree of care, would have informed him was dangerous, takes the risk of injury from such open and apparent defects therein that such ordinary observation would have detected. Therefore, if the jury believe from the evidence that the defect in the platform complained of as the cause of the injury in this case, was, at the time of the alleged injury, open and apparent to ordinary observation, and if they further believe from the evidence that such observation exercised with an ordinary degree of care, would have informed the plaintiff that the platform was dangerous, and if the jury further believe from the evidence that the plaintiff, under these circumstances, attempted to use the platform, then the court instructs the jury that she took upon herself the risk of all injuries resulting to her from such open and apparent defect, and that she cannot recover for injuries resulting therefrom." This instruction destroys the right of a passenger to assume that the company has done its duty and requires him to keep a lookout for the company's negligence. If a passenger knows of or is in any manner put on his guard against the company's negligence he is bound to avoid it, but he is not bound to be in continual fear thereof or keep up a ceaseless observation to detect the same.

Defendant insists that the following instructions should have been given: "The court instructs the jury that there is no situation which will excuse a person from exercising that ordinary degree of care that would be exercised by an ordinarily prudent person under the same circumstances, and the court therefore instructs the jury that the plaintiff cannot excuse herself for failure to exercise such ordinary degree of care by showing that her attention was diverted from her own footsteps by solicitude for her child."

This instruction wrongfully assumes that plaintiff did not exercise an ordinary degree of care under the circumstances and tried to excuse herself therefrom by showing that solicitude for her children diverted her attention. This is a false assumption. Her children, however, were a part of the circumstances, and in determining the degree of care she must use under the circumstances, they must be taken into consideration.

For a person with the care of children on her hands is not as free to devote her attention to her own safety as she would otherwise be. She owed the duty of protection to them as well as to herself. If they had been injured, the company would have been very anxious to impute her negligence to them.

Defendant also insists the following instruction should have been given: "The court instructs the jury that if they believe from the evidence that there was a hole in the platform of defendant's depot, and that the plaintiff, in approaching and getting on the platform, could, by exercising ordinary care, have seen the said hole, and could by so seeing it have avoided the injuries complained of, then her failure to exercise such ordinary care to discover such hole is contributory negligence, and the jury must find for the defendant." This casts on the plaintiff the duty of keeping a lookout for the defendant's negligence instead of having the right of assuming its faithful discharge of its duties. Defendant excepts to the evidence that the plaintiff had children living. This evidence is not objectionable, although it may be immaterial and irrelevant. It is shown she had two children with her at the time of the accident. The additional evidence only showed they were still living. Defendant asked no instruction in relation thereto and its objection appears to be purely technical. *Moore* v. *Huntington*, 31 W. Va. 842; *Johns* v. *Railroad Co.*, 39 S. Car. 162; *Alberti* v. *N. Y. &c., R. R. Co.*, 43 Hun. (N. Y.) 421.

Defendant excepts to the physician's evidence because he is permitted to give his opinion that the plaintiff's condition might have been caused by a shock, a fall or anything that produces a shock to the spinal column. By other evidence this condition was connected with the accident. It is expert evidence and not objectionable. 12 Am. & En. En. Law (2d Ed.) 447; *Bowen* v. *Huntington*, 35 W. Va. 682; *Turner* v. *City of Newburgh*, 109 N. Y. 301, (16 N. E. R., 344); *Keene* v. *Village of Waterford*, 130 N. Y. 188 (29 N. E. R. 130).

Defendant excepts because of evidence admitted showing what a competent nurse would have cost, she having been nursed by her mother and sister. The evidence was it would cost from five dollars to six dollars per week. She was in bed three months. A nurse at this rate would have cost less that one hundred dollars, being beneath the jurisdiction of the court,

and could only affect the verdict to this extent if at all. Some authorities hold that such evidence is incompetent if the services were gratuitously given to her. *Goodhart* v. *Railroad Co.*, 177 Pa. St. 1-14. In that case it is said: "Such services involve no liability on the part of the plaintiff, and therefore afford no basis for a claim against the defendant, as for expenses incurred." The services referred to were those of wife and children to husband and father. In such a case no legal responsibility could accrue. For neither could a wife charge a husband for such services nor a child in the absence of a contract its father. Their services are provided for in the other damages allowed for the injury. A different rule prevails where the services are rendered by one who has the legal right to charge for them. For such a one donates them to the injured party and not to the injurer. *Pennsylvania Co.* v. *Marion*, 104 Ind. 239; *Klein* v. *Thompson*, 19 O. St. 569. In the latter case it was held that although the plaintiff was under no legal obligations to pay for services gratuitously rendered or paid for by others out of charity, yet he was entitled to be placed in a position to pay for such services voluntarily if in good conscience he should see proper to do so.

The plaintiff in this case is a widowed woman compelled to rely on her own efforts for support. She was nursed and taken care of by her mother and sister who were under no legal obligation to do so, and who have the right to charge her for such services if she is able to pay them or return them in kind. It is not shown in the evidence whether such services were rendered gratuitously or not. Certainly they were not rendered gratuitously to the defendant, but in so far as defendant is concerned, they may reasonably have expected to be compensated. At least the plaintiff should be put in a condition to compensate them. This is a matter of love and affection between themselves, and is not a matter of contributory negligence that should diminish the amount of damages occasioned by the defendant's negligence. They have the right to say to her, if you recover for our services from the defendant we will expect you to pay us, otherwise we give them to you freely, through love and affection and expect only a return in kind. In view of what has been said, it is unnecessary to copy herein and comment on the special findings of the jury. They amount to this, that if the plaintiff had been in position to do so and

been looking toward the hole she could have seen it, but that the necessary attention to her children prevented her from looking in the direction of the hole. All the rest of the platform was in good order, so that the portion that plaintiff did see and occupy led her to believe that the residue thereof was in a like condition, and when she raised her baby buggy upon the platform with her back to the hole, there was nothing to indicate to her within the range of her then vision that the platform behind her was not in like condition, as the portion on which she was then standing; and assuming it was under the circumstances, it was not negligence in her to step backwards without looking, as not knowing, she could not foresee that the company would permit such a dangerous trap in the platform. It might well be held that the company in permitting this dangerous trap in their platform for three months was guilty of such wanton and wilful recklessness and disregard of the limbs and lives of its passengers as to make it liable for criminal negligence and for punitive or vindictive damages. Gross negligence warrants punitive damages whenever there is such want of care as raises the presumption of a conscious indifference on the part of the company to the safety of its passengers. 5 Am. & En. En. Law, (2d Ed.) 711. To leave a dangerous trap such as is shown in this case in front of a depot door undoubtedly shows on the part of the company a conscious indifference to the safety of those invited to take passage on its trains. *Railroad Co.* v. *Arnold,* 80 Ala. 600; *Railroad Co.* v. *Arms,* 91 U. S. 489. This question, however, is not raised in this case.

There is no error that will justify the setting aside the verdict and granting a new trial. Already two trials have been had resulting in substantially the same verdict. Under the law as propounded a new trial might be more disastrous to the defendant. Sometimes Providence takes care of railroad companies as well as infants.

The judgment is affirmed,

*Affirmed,*