## Robinson, Appellant, *v.* Township of Logan.

*Negligence—Automobiles—Highways—Obstructions in—Contributory negligence—Non-suit.*

In an action of trespass to recover for damages to an automobile, it appeared that the plaintiff's driver while driving at night was

blinded by the lights of a car coming in an opposite direction. It also appeared that the driver passed the car at a speed of 15 to 20 miles per hour, and in so doing drove into a ditch at the side of the road, where the car came in contact with a fallen tree. It was not alleged that plaintiff's car could not have been driven along the right side of the road without striking the tree, or that the roadway was insufficient for the passage of the automobiles.

Under such circumstances the act of the driver in driving off the traveled track when he could not see where he was going constituted contributory negligence, and a non-suit was properly entered.

Argued October 26, 1926. Appeal No. 214, October T., 1926, by plaintiff from judgment of C. P. Blair County, October T., 1925, No. 56, in the case of Isaac Robinson v. The Township of Logan. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages to an automobile. Before BALDRIGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory non-suit. Plaintiff appealed.

*Error assigned* was the refusal of plaintiff's motion to take off the compulsory non-suit.

*R. A. Henderson,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

The plaintiff's action is for compensation for injury to his automobile, resulting, as alleged, from the negligence of the defendant in permitting an obstruction to remain in the public highway. The car was in charge of a young man named Loy, who while driving at a speed of from 15 to 20 miles an hour on a night in October, met a car going in the opposite direction.

The light of the latter car blinded the driver of the plaintiff's car and in his movement to pass the on-coming car, he drove in to the ditch at his right where the car came in contact with the branches of a tree which had been cut down in an adjoining field some-time before. It is not alleged that there was not a sufficient roadway for the passage of automobiles at the place where the accident took place, or that if the car had been driven along the right side of the road it could not have passed without coming in contact with the tree top. A case is presented therefore where a view of the road being prevented by the blinding light of the other car, the plaintiff's driver took the chance of going on at a fairly rapid speed without seeing where he was going. Of such driving it was well said by Justice SCHAFFER in Wilhelm v. Sunbury & S. Ry. Co., 281 Pa. 73: "He could not proceed with-out having a sufficient view of the track in front of him to safeguard those who might be forced to use it, and it could not be said that he discharged his duty in this respect if he proceeded, although blinded by the lights of approaching automobiles; so advancing he was in no different position than he would have been had he gone on with his eyes shut." Witnesses for the plaintiff testified that the tree top did not project over the ditch, and there is no evidence that it was an obstruction on the part of the highway ordi-narily used for travel. The evidence tends to show that the tree was cut two weeks or more before the date of the accident, and it nowhere appears in the case that travel on the road was interfered with dur-ing that period by the obstruction complained of. The learned trial judge granted a nonsuit for the reason that there was no evidence that the tree top projected over the ditch before the accident, but on the contrary that it did not extend into the ditch and that there was no testimony to prove that the condition on the

night of the accident had existed for a sufficient time to create constructive notice to the supervisors. Whatever view may be taken of the case on the question of constructive notice, we think it clear that the accident occurred by reason of the negligent management of the plaintiff's car in the night time when the driver's eyes were blinded by the glare of the car coming in an opposite direction. He drove off the usually travelled track because he could not see where he was going with the result that the car was damaged. On all the facts disclosed by the evidence, the nonsuit was properly entered.

The appeal is therefore dismissed and the judgment affirmed.