## Adams *v.* Fields, Appellant.

302

Argued May 10, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Wayne A. Gleeten,* of *Hosbach & Gleeten,* for appellant.—The judgment cannot stand because Louis M. Adams, the plaintiff, drove on, after he was temporarily blinded by the lights of the defendant's approaching truck: Robinson v. Twp., 90 Pa. Superior Ct. 139.

*Thomas W. Barber,* of *Kitts, Barber & Sennett,* with him *Samuel J. Roberts,* for appellee.—If the testimony presents any doubt or raises any inferences as to whether the plaintiff was "temporarily blinded" or not, it would seem that any inference to be drawn from this testimony would be for the jury.

Plaintiff had the right to rely on the assumption that all persons will use ordinary care to protect him and the mere failure to anticipate the negligence of another does not defeat an action for the injuries sustained: Weiss v. Ry. Co., 301 Pa. 539; Nevin Bus Line, etc., v. Hostetter Co., 305 Pa. 72; Hayes v. Shoemaker, 302 Pa. 72; Shellenberger v. Transit Co., 303 Pa. 122; Amey v. Erb, 296 Pa. 561.

In the instant case the plaintiff had safely passed the front wheel and fender of the defendant's truck and the

impact was caused by the projecting body and it may be said that, if it had not been for the overhanging body, the collision would not have occurred: Lane v. Mullen, 285 Pa. 161; Cupples v. Yearick, 99 Pa. Superior Ct. 269; Cramer v. Aluminum, 239 Pa. 120.

OPINION BY MR. JUSTICE MAXEY, June 30, 1932:

At 10 p. m., September 28, 1929, the plaintiff was driving a Ford sedan on a public highway in Crawford County in a northerly direction. At a certain point on this highway, he saw approaching him from the opposite direction the lights of another motor vehicle. Plaintiff continued driving on his right side of the highway, and when the oncoming motor vehicle was about to pass him, he observed that it had a wide truck body projecting over the fenders on its left side. He also observed that the left side of the truck was projecting beyond the center of the highway. Plaintiff turned his car to the right, but the rear of the motor truck swerved and struck the left side of the plaintiff's sedan. Plaintiff averred that defendant was driving on the wrong side of the highway, that he was traveling at a high, dangerous and unlawful rate of speed, that he did not have his truck under proper control, that the truck had an oversized body, and that defendant did not have proper clearance lights on the truck, thereby violating article VIII, section 801, paragraph E, of the Pennsylvania Motor Code of 1929. Plaintiff also averred that defendant's truck had part of its body extending beyond the fenders on the left, in violation of article IX, section 902, paragraph E, of the Pennsylvania Motor Code of 1929. It was testified that the body of the truck projected beyond the fenders approximately one foot. Actual measurements revealed that the truck fenders measured 68 inches from outside edges, while the body was 94 inches in width. The truck was lighted only by two head lights. The left front corner of the truck's body struck the left side of plaintiff's automobile, damaging the latter and

crushing plaintiff's left elbow to such an extent that an immediate amputation of his left arm above the elbow was necessary. After trial the jury returned a verdict in favor of the plaintiff in the sum of seventy-nine hundred dollars. Defendant made a motion for a new trial and for judgment n. o. v. These rules were discharged and judgment was directed to be entered on the verdict. Appeal was then taken to this court.

It is the contention of the appellant that the appellee was guilty of contributory negligence in that he drove his car when he was temporarily blinded by the lights of the approaching truck. The appellee's testimony as to the "blinding" was that the head lights on the truck "reflected" in his eyes when the two cars were about one hundred feet apart, and when he was asked if he then slackened his speed, he said, "No." He continued at the rate of about thirty to thirty-five miles an hour. The appellee did not use the word "blinded" in his testimony, although appellee's counsel in cross-examining him assumed a fact not in evidence by incorporating the word "blinding" in his question, as follows: "When you had this experience you are telling us now of the lights shining into your eyes and blinding you, how far away from the truck were you? Ans. I was approaching the truck at that time." The appellant cites the case of Robinson v. Logan Township, 90 Pa. Superior Ct. 139, in which case the Superior Court said that the light of defendant's car "blinded the driver of the plaintiff's car," and, in passing the defendant's car, the plaintiff drove his car into the ditch at his right, where the car came in contact with the branches of a tree which had been recently cut down. The court said in that case: "It is not alleged that there was not a sufficient roadway for the passage of automobiles at the place where the accident took place, or that if the car had been driven along the right side of the road, it could not have passed without coming in contact with the tree top. A case is presented, therefore, where a view of the road being pre-

vented by the blinding light of the other car, the plaintiff's driver took the chance of going on at a fairly rapid speed without seeing where he was going." Further it said: "We think it clear that the accident occurred by reason of the negligent management of the plaintiff's car in the night time when the driver's eyes were blinded by the glare of the car coming in an opposite direction." That case differs from the case before us in that in the instant case the plaintiff showed no "negligent management" of his car; he did not deviate from his proper section of the highway either by turning too far to the right or to the left. He was traveling on his own side and within his own proper lines and he was justified in assuming that motorists coming from the opposite direction would remain on their proper side of the highway. As this court said in Weiss v. Pittsburgh Rys. Co., 301 Pa. 539, 152 A. 674: "He [the plaintiff] had a right to rely on the assumption that all persons will use ordinary care to protect him and the mere failure to anticipate the negligence of another does not defeat an action for the injuries sustained." This court said in Hayes v. Schomaker, 302 Pa. 72, 76, 152 A. 827: "A driver is not obliged to anticipate and guard against a collision with a car driven at a high speed and in violation of rules governing the operation of automobiles on the highways." "Everyone to whom a duty is due has a right to assume that it will be performed": 20 R. C. L., page 117, section 101; Adams v. Gardiner, 306 Pa. 576.

Plaintiff presented a case which did not show that he failed to exercise due care. The collision between the two vehicles was not contributed by any act of negligence on his part. He remained at all times where he had a lawful right to be. The injury was caused by the projecting body of the defendant's motor truck. The plaintiff cannot be charged with contributory negligence because he was unable to observe in sufficient time to avoid the collision the fact that the body of defendant's

car was projecting over on plaintiff's own proper side of the road. So long as a driver keeps his car on its own side of the road, he need not keep his eyes riveted on the highway in front of him: Shellenberger v. Reading Transportation Co., 303 Pa. 122, 154 A. 297. A driver of an automobile who is driving his car at a lawful rate of speed at night and into whose eyes the light of an oncoming automobile is shining without blinding him and without depriving him of sufficient vision to keep his car in its defined path, cannot, as a matter of law, be adjudged negligent because he did not, on account of those advancing lights, stop his car or moderate its lawful speed. Whether or not a driver of an automobile is under such circumstances to be charged with negligence is ordinarily a question of fact to be submitted to the jury under proper instructions, as was done in this case. That the plaintiff in the instant case was able to guide his car in the defined path is evidenced by the fact that the collision was not caused or contributed to by his deviation from that path. In the case relied upon by appellant, Robinson v. Logan Township, supra, the act of the driver whose vision was so blinded by the oncoming lights that he drove his car off the road into the ditch, amounted to negligence, and this negligence contributed to the injury sustained.

The questions of defendant's negligence and plaintiff's contributory negligence were properly submitted to the jury.

The judgment is affirmed.