## COSSE et ux. v. BALLAY et al.[*]

### No. 14389.

Court of Appeal of Louisiana. Orleans.

June 29, 1933.

John C. Hollingsworth, of New Orleans, for appellants.

Prowell, McBride & Ray, of New Orleans, and Welton P. Mouton, of Lafayette, for appellees.

JANVIER, Judge.

Albert Cosse, Jr., a minor, received injuries in the automobile accident which formed the basis of the matter decided by us to-day entitled George Zuvich v. Joseph Ballay et al., 149 So. 281. Cosse's parents bring this suit on his behalf. They claim for his use and benefit the sum of $7,000. In the court below there was judgment in favor of plaintiffs in the sum of $3,000 against Joseph Ballay and Metropolitan Casualty Insurance Company of New York jointly and in solido. The said defendants have appealed, and plaintiffs have also appealed, contending that judgment should have been rendered against Paul Ballieviero also.

Young Cosse was riding on the running board of the Chevrolet automobile which belonged to Lionel Ballay and which was being operated by Joseph Hingle, Jr. When the Chevrolet struck Zuvich, Cosse was jolted from his position on the running board and received the injuries for which this suit is brought.

[*]Rehearing denied October 16, 1933. Writ of certiorari denied November 27, 1933.

286

For the reasons given in our opinion rendered in the Zuvich Case we conclude that, unless the act of young Cosse, in riding upon the running board, was contributory negligence and, as such, bars recovery on his behalf, there should be judgment in favor of plaintiffs and against Metropolitan Casualty Insurance Company. We therefore find it necessary in this matter to consider only the question of contributory negligence on the part of young Cosse.

Our attention is called to the case of Stout v. Lewis, 11 La. App. 503, 123 So. 346, 348, the facts of which so closely resemble those of this case, so far as the effect of riding on a running board is concerned, that we feel ourselves bound, as a result of that decision, to hold that, although Cosse may have been at fault in riding upon the running board, that fault cannot bar recovery here. In the Stout Case, when we considered the question of whether or not the plaintiff, who had been riding upon the running board, should be barred from recovery by that act, we said: "It is not sufficient to say that he would not have been hurt, if he had not been on the running board, because he might have remained upon the running board until he had reached his destination without injury, but for the negligent management of the car, on the running board of which he was riding; a risk which he did not assume. Whatever danger may have been involved in riding upon the running board, and such risk as would ordinarily be incident thereto, in the ordinary and usual operation of defendant's automobile, were assumed by the plaintiff. But plaintiff was a passenger and defendant owed him the duty of ordinary care, an obligation he was not relieved of by plaintiff's carelessness."

We also said:

"If the plaintiff, in the instant case, had been jolted off the running board by reason of some unevenness in the roadway, while the automobile was being driven in the customary way, we would say that he could not recover for any injury he might have sustained, because he had assumed the risk involved. But, on the other hand, he had a right to rely upon the proper discharge of defendant's duty to him, and was not obliged to anticipate negligence on the part of the driver of the Hahn automobile. The following quotation from Ruling Case Law, cited in the case of Gornstein v. Priver [64 Cal. App. 249, 221 P. 396], supra, is declarative of the principle referred to:

" 'While a person who asserts a right to recovery on the ground of negligence must be prepared to show that he exercised vigilance to discover and avoid the danger embodied in the offending instrumentality, he excuses himself for an omission to take active measures—such as looking, listening and making inspections—by proof that the defendant owed to him a duty of care, and that he relied upon the performance thereof. The presumption is that duties fixed by law or custom will be discharged in due form; and every one to whom a duty is due has a right to assume that it will be performed—he need not anticipate negligence on the part of his obligor, even though the latter has been negligent on other occasions.' 20 R. C. L. title Negligence, § 101.

"See, also, Wright v. Foreman, 86 Cal. App. 595, 261 P. 483, Rignell v. Font, 90 Cal. App. 730, 266 P. 590.

"Our conclusion is that the defendant Hahn is responsible for plaintiff's injury and that plaintiff should recover."

We therefore conclude, as we have stated, that the judgment should have been rendered in favor of plaintiffs, but against the insurance company alone.

We next consider the question of the correctness of the amount of the award. Young Cosse sustained a very slight linear fracture of the parietal bone on the right side, or, in other words, a very slight linear fracture of the skull. He was injured on May 10th, and remained in Charity Hospital until May 26th. Thereafter he was treated at his residence for three weeks. There was no evidence of any brain injury and no evidence of any depression in the skull, and apparently he was completely healed when his own doctor discharged him some three weeks after leaving Charity Hospital. It is true that an injury to the skull is always potentially serious, but the evidence convinces us that in this case there was no serious result, and that the amount awarded, $3,000, is excessive, and should be reduced to $2,000.

It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far as it runs against Joseph Ballay, be and it is annulled, avoided, and reversed, and that plaintiff's suit against the said Joseph Ballay be and it is dismissed, and that the judgment against the Metropolitan Casualty Insurance Company of New York be amended by reducing the amount thereof to $2,000, with legal interest from judicial demand; and that in all other respects the judgment appealed from be and it is affirmed.

Reversed in part; amended and affirmed in part.