**POWELL BROS. TRUCK LINES, Inc., v. PIATT.**

**No. 1548.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 12, 1937.

W. E. Green, of Tulsa, Okl. (Grover C. James, of Joplin, Mo., and J. C. Farmer and Robt. J. Woolsey, both of Tulsa, Okl., on the brief), for appellant.

Frank Nesbitt, of Miami, Okl. (Nelle Nesbitt, of Miami, Okl., and E. B. Morgan, of Galena, Kan., on the brief), for appellee.

Before PHILLIPS and WILLIAMS, Circuit Judges, and SYMES, District Judge.

PHILLIPS, Circuit Judge.

Piatt brought this action against Powell Brothers Truck Lines, Inc., to recover damages for personal injuries resulting from an accident which occurred about eight o'clock P. M. on September 27, 1935, on the driveway of the Oklahoma Port of Entry situated on Highway No. 66. At the close of the evidence the trial court denied a motion for a directed verdict in favor of Truck Lines. A verdict was returned in

favor of Piatt. From a judgment entered thereon Truck Lines has appealed.

Highway No. 66 runs north and south. The office of the Port of Entry is located in a one-story building about 16 feet square situated a short distance west of the highway. A semicircular driveway between 25 and 30 feet in width and between 200 and 230 feet in length extended from a point on the highway north of the office, past the front of the office, to a point on the highway south of the office. It was provided for the convenience of persons required to register at the Port of Entry. The eastern boundary of the driveway was marked by a wall constructed of boulders.

Piatt was engaged in selling breakfast cereal. He used in his business a Plymouth Coupé with a pickup body. On the evening of the day of the accident he was traveling north on Highway No. 66. He arrived at the Port of Entry and drove into the driveway and parked his automobile on the east side thereof, in front of the office and as close to the boulder wall as he considered it safe to drive. When he arrived a truck of the Truck Lines was parked on the west side of the driveway with its front end to the south. The radiators of the two motor vehicles were approximately opposite each other and there was a clear space of four to five feet between the two vehicles. The motor of the truck was running and the lights were on. Piatt entered the office to register. At that time there were in the office two Port of Entry employees and three truck drivers. The truck drivers completed their business and left the office. After having registered Piatt left the office and proceeded to his automobile, approaching it from the left hand side. He set his left foot on the running board and seized the door handle with his left hand. The Truck Lines truck started forward toward the south exit of the driveway. There was a heavy wind blowing and Piatt feeling that his hat was about to blow off took hold of it with his left hand. The truck cut sharply to the left so that its left wheels were well over on the east half of the driveway, and the body of the trailer of the truck passed within three to four inches of the left rear fender of Piatt's automobile. The trailer of the truck struck Piatt's left elbow, threw him off balance, caught him and rolled him from the door of his automobile to the rear bumper thereof and threw him on the ground. His body touched the rear fender of his automobile as he was rolled by the force of the truck. His right leg caught under the rear bumper of his automobile. The left rear dual wheel on the trailer passed over his left leg, crushing it and breaking his knee-cap in three places. The truck did not stop.

At the time Piatt took his position alongside of his automobile, it and the Truck Lines truck were the only motor vehicles in the driveway, and none were immediately approaching the driveway.

It is contended that Piatt was guilty of contributory negligence as a matter of law.

The presumption is that a duty established by law or custom will be duly discharged. One to whom a duty is owed has a right to assume that it will be performed. He is not required to anticipate negligent acts or omissions on the part of others.[1] While reliance upon the performance of duties by others does not excuse one from exercising due care for his own safety, it does excuse him from taking active measures for his own protection.[2]

Piatt had the right to assume that the truck driver would keep on his side of the driveway. There were no other vehicles in the driveway and none were approaching it when Piatt took his position near the door of his automobile. There was ample space between Piatt and the truck and the position he assumed would not have exposed him to danger had the truck driver performed his statutory duty to drive on the right side of the driveway. We do not think it can be said under the

[1] J. Maury Dove Co. v. Cook, 59 App.D. C. 61, 32 F.(2d) 957, 959, 960; Harris v. Johnson, 174 Cal. 55, 161 P. 1155, 1156, L.R.A.1917C, 477, Ann.Cas.1918E, 560; Cosse v. Ballay (La.App.) 149 So. 285, 286; Dippold v. Cathlamet Timber Co., 111 Or. 199, 225 P. 202, 206; Adams v. Gardiner, 306 Pa. 576, 160 A. 589, 591; Adams v. Fields, 308 Pa. 301, 162 A. 177, 178; Michener v. Lewis, 314 Pa. 156, 170 A. 272, 273; Barker v. Ohio River R. Co., 51 W.Va. 423, 41 S.E. 148, 149, 90 Am.St.Rep. 808; Deputy v. Kimmell, 73 W.Va. 595, 80 S.E. 919, 51 L. R.A.(N.S.) 989, 1003, Ann.Cas.1916E, 656; Ritter v. Hicks, 102 W.Va. 541, 135 S.E. 601, 602, 603, 50 A.L.R. 1505.

[2] Gornstein v. Priver, 64 Cal.App. 249, 221 P. 396, 401; Rosella v. Paxinos, 110 Cal.App. 299, 294 P. 39, 40; Cosse v. Ballay (La.App.) 149 So. 285, 286; Dippold v. Cathlamet Timber Co., 111 Or. 199, 225 P. 202, 206.

attendant circumstances as a matter of law that in taking his position at the door of his automobile Piatt failed to exercise due care for his own safety.

■■ It is true that immediately before the truck struck Piatt his hat was caught by a gust of wind and he reached for it with his left hand to prevent it from being blown off, and that the truck first struck the elbow of his left arm. It is clear, however, that the truck was cutting closer to him as it moved forward, and that its trailer would have struck his body had his left arm not been somewhat extended. In fact, the truck did strike Piatt's body and rolled him back against his left fender and bumper and threw him on the ground. We conclude, therefore, that the act of Piatt in reaching for his hat did not contribute to his injuries as a proximate cause. Furthermore, the act of seizing one's hat when it is about to blow off is so automatic as to be almost involuntary. Hence, if we assume that the act did contribute to the injuries, we do not think it could be said that Piatt's act was not consistent with what a man of ordinary prudence would have done under like circumstances. Barker v. Ohio River R. Co., 51 W.Va. 423, 41 S.E. 148, 149, 90 Am.St.Rep. 808; Barry v. Terkildsen, 72 Cal. 254, 13 P. 657, 658, 1 Am.St. Rep. 55.

It is also urged that the act of Piatt in reaching for his hat was the immediate cause of his injuries. In Snider v. Sand Springs Ry. Co. (C.C.A.10) 62 F.(2d) 635, 638, this court said:

"One guilty of negligence is answerable for consequences flowing directly from his negligent act which should reasonably have been foreseen, unless the chain of causation is interrupted by an efficient independent cause which was not in itself reasonably foreseeable."

■ In Littell v. Argus Production Company (C.C.A.10) 78 F.(2d) 955, 957, this court said:

"An intervening efficient cause is a new, intermediate, and self-executing act which breaks the causal connection between the original wrong and the injury. But, in order to absolve the initial wrongdoer from liability, the intervening act must break the chain of events in such a manner that the injury cannot be said to be the natural and probable consequence of the original wrong or to have been anticipated. In the absence of such an intervening cause, the original wrong extends to the result and proximates it."

Here the act of Piatt in reaching for his hat neither caused nor would its omission have prevented the injuries. The evidence clearly showed that the truck was cutting closer to Piatt as it traveled forward and that its trailer would have struck him had he not changed the position of his left arm. It cannot be said that Piatt's act in reaching for his hat was an intervening efficient cause.

■ O.S.1931, § 10327 (69 Okl.St.Ann. § 583), in part reads:

"Vehicles in meeting each other shall keep to the right of the center of the road."

O.S.1931, § 10322 (47 Okl.St.Ann. § 91) in part reads:

" 'Highway' shall mean to include any thoroughfare, highway, county road, state highway or state road, public street, avenue, public park, *driveway*, public square or place, bridge, viaduct, trestle or any other thoroughfare, or structure, public or private, designed, intended or used by or for the general public for travel or traffic or the passage of vehicles, within the State of Oklahoma." (Italics ours.)

The trial court instructed the jury that the driveway on which the accident occurred was a public highway and if the Truck Lines driver drove past the center line of the driveway over on to the left hand side of the road he was guilty of negligence as a matter of law.

Chapter 50, art. 1, p. 208, Okl.Sess.Laws 1935 (47 Okl.St.Ann. §§ 11, 191–195), authorized and directed the Oklahoma Tax Commission to designate certain highways as Port of Entry highways, to establish a primary registration office on each of such designated highways at a suitable place, and to maintain facilities for the proper registration of all motor vehicles at such registration stations.

The driveway here involved was a part of the facilities established and maintained by the public authorities for the proper registration of motor vehicles. It was a public thoroughfare designed, intended and used by the general public for travel, traffic, and passage of vehicles. It was a driveway and the Oklahoma statute defining highway specifically includes the term "driveway."

In Southern Kansas Ry. Co. v. Oklahoma City, 12 Okl. 82, 69 P. 1050, 1054, the court said:

"The term 'highway' is a generic name for all kinds of public ways, including county and township roads, streets and alleys [in cities], turnpikes and plank roads, railroads and tramways, bridges and ferries, canals and navigable rivers. In short, every public thoroughfare is a highway."

We entertain no doubt that the driveway here involved was a highway within the meaning of the Oklahoma statutory definition and that the instructions given by the court were proper.

The judgment is affirmed.