duction of further proof of authority. This was a reasonable construction of defendant's proposition, in view of his use of the word "supplementary." The proposition was apparently acquiesced in, since no demur was made by the court, and the motion to amend the answer was granted without comment. At the close of the evidence the plaintiff accordingly asked for an adjournment to enable him to show the hiring by the company, but the court, of its own motion, declined the request. The plaintiff was undoubtedly entitled to a postponement of the trial by reason of the amendment, if he had asked for it, and we think that he was led to go on, and did go on, upon the faith of what he reasonably understood to be a stipulation that he might have an adjournment before the cause was finally taken under advisement. He would hardly have otherwise waived his right to an adjournment, especially as in doing so he also waived the costs imposed upon defendant as a condition of amendment of the answer. As the case stood, it was a close one on the evidence, and in our opinion the cause of justice will be best served by a retrial.

Judgment reversed, and new trial granted, with costs to abide the event. All concur.

---

### WEST v. NEW YORK TRANSP. CO.

(Supreme Court, Appellate Term. June 26, 1905.)

NEGLIGENCE—COLLISION WITH ELECTRIC CAB.

In an action for injuries sustained by collision with an electric cab, a finding of negligence of defendant's driver is not warranted, where it appears that plaintiff saw the cab, which was moving at a moderate speed, before he left the curb, did not look for it afterwards, and ran into it, striking it on the side.

Appeal from City Court of New York, Trial Term.

Action by Samuel G. West against the New York Transportation Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

Arthur K. Wing, for appellant.

Charles Schloemann (John C. Robinson, of counsel), for respondent.

SCOTT, P. J. It is not easy to see upon what the jury predicated a finding of negligence on the part of defendant's driver. The plaintiff started to cross Eighth avenue at the northeast corner of Forty-Second street, going from east to west. Before he left the curb he saw the defendant's electric cab coming down Eighth avenue at a moderate pace. When he had reached the north-bound or easterly track he looked south, as he says, to see if a car was coming, and, seeing none, proceeded, and almost immediately walked or ran into the cab, and was thrown down. He did not look at or for the cab after leaving the curb. There is no evidence that

the cab increased its speed, and it must have been running quite slowly, because it was stopped within a very few feet. It is true that there is some evidence that no bell was rung by the driver, but that seems to be unimportant, because the plaintiff had seen the cab coming, and therefore needed no warning of its approach. There is also some evidence that the cab had changed its course before the plaintiff struck it. This is disputed, and, even if true, is not so significant as it might have been if the cab had run into plaintiff. The universal testimony is that plaintiff ran into the cab, striking it on the side. The irresistible conclusion from the evidence is either that plaintiff forgot all about the cab, and hastened heedlessly across the street, or else that those witnesses speak truthfully who say that he came suddenly out from behind an uptown car. In either event, we find no evidence sufficient to charge the defendant. The damages, too, are, to say the least, very liberal. The plaintiff's actual loss in money was small, and his injuries properly traceable to the accident were not serious. The case presented a proper case for the granting of the motion for a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

MacLEAN, J., concurs. DUGRO, J., concurs in result.