Klokow, Respondent, vs. Harbaugh, Appellant.

*October 25—November 13, 1917.*

*Negligence: Injury to person crossing street: Automobiles: Excessive
speed: Contributory negligence: Questions for jury: Instructions
to jury.*

1. The "look and listen" doctrine which is applied to persons approaching a railway track is not applicable to persons who are using a city street on which ordinary street traffic only is going on.

2. As between the drivers of ordinary vehicles and a pedestrian crossing a city street the latter is required only to exercise ordinary care, and this does not impose upon him the duty of being constantly on the lookout.

3. What constitutes ordinary care in such a case is generally, though not always, a question for the jury.

4. In an action for injuries to a person who, while crossing a street from the curb to a street car, was struck by an automobile running at high speed, there being no evidence that he actually observed or that he could have seen that the automobile was approaching at a speed which would make his crossing dangerous, it was proper to instruct the jury in effect that if at the time a pedestrian leaves the curb he observes that the street is clear and that there are no vehicles thereon within a distance which would be covered by a vehicle going at a lawful speed, he may proceed on the assumption that all vehicles not within said distance will be operated at a lawful speed.

5. It may well be, however, that if a pedestrian actually sees that a vehicle is approaching at a rate of speed which would make his crossing dangerous, he is not entitled to take the chances.

APPEAL from a judgment of the circuit court for Milwaukee county: Oscar M. Fritz, Circuit Judge. *Affirmed.*

The plaintiff while crossing the street to board a street car was struck by the defendant's automobile and seriously injured and has obtained a judgment for damages from which the defendant appeals. The facts in brief are these: The accident occurred on Sixteenth-street viaduct in Milwaukee, which runs due north and south over the Menomonee Valley and has a double line of street railway tracks upon

it.   At about 7:30 p. m. December 19, 1915, the plaintiff, a man about forty-eight years of age, ascended the steps leading from Park street in the valley to the roadway of the viaduct, a distance of about twenty feet, with a number of other men who like himself had just quit work in a shop and were going home.   He proposed to take a north-bound street car on the viaduct.   As he reached the top of the viaduct on the west side and stepped on the west sidewalk he saw a north-bound street car standing on the easterly track of the roadway directly opposite him.   He crossed the sidewalk, ten feet in width, and then started to cross the roadway, following a number of his fellow workmen.   Plaintiff testifies that he looked both north and south while on the sidewalk and that he looked north just as he stepped from sidewalk to roadway, but saw nothing coming from either direction.   He reached or nearly reached the first rail of the west track, and was there struck by the defendant's automobile going rapidly southward, driven by the defendant himself. There was an arc street lamp burning about ninety feet north of the spot.   The defendant testifies that his automobile was straddling the west track.   The plaintiff did not see the automobile before he was struck, nor did the defendant see the plaintiff.

The jury returned a special verdict by which they found that (1) the automobile had a lighted lamp on the front which gave a reasonably bright light in the direction in which it was going; (2) it was going at a speed exceeding fifteen miles an hour; (3) the speed was a proximate cause of plaintiff's injury; (4) the defendant failed to exercise ordinary care to ascertain whether any person was crossing the street in the course of the machine; (5) such failure was a proximate cause of the injury; (6) defendant failed to use ordinary care to check the speed of his automobile; (7) said failure was a proximate cause of the injury; (8) defendant failed to exercise ordinary care in the operation of

his automobile; (9) said failure was a proximate cause of the injury; (10) plaintiff in the exercise of ordinary care ought not to have seen the automobile in time to have avoided the collision; (11) no want of care on plaintiff's part contributed to produce his injury; (12) he sustained damages to the amount of $7,580. The trial court, deeming the damages allowed too large, gave the plaintiff the option to remit all over $5,000, which being done judgment was entered for the plaintiff for $5,000 and costs.

For the appellant there was a brief by *Alexander & Burke,* attorneys, and *William E. Burke,* of counsel, all of Milwaukee, and oral argument by *William E. Burke.*

*Henry W. Stark* of Milwaukee, for the respondent.

WINSLOW, C. J. The appellant concedes that there was sufficient evidence to justify the finding that he was negligent and the concession seems not improvidently made. In our judgment his conduct nearly approached recklessness. He makes, however, two contentions: (1) that the plaintiff was guilty of contributory negligence as a matter of law, and (2) that erroneous instructions were given to the jury. These will be briefly considered.

1. The argument on the first contention is in substance this: The headlight of the automobile was plainly visible; it was plaintiff's duty to look for it; either he looked or he did not look; if he looked he must have seen it, and was negligent in attempting to cross the street in front of the machine; if he did not look that fact itself was negligence; in either case his own negligence proximately contributed to his injury.

The argument goes too far. It seeks to extend the "look and listen" doctrine, which is applied to persons approaching a railway track, to persons who are using a city street on which ordinary street traffic only is going on. This would prevent a pedestrian from ever crossing a busy street. It

would compel him to remain standing with reluctant feet where the sidewalk and the roadway meet as long as there might be a vehicle in sight. As between pedestrians and the drivers of ordinary vehicles, as well as between the drivers of such vehicles themselves, the law simply requires the exercise of ordinary care, *i. e.* the care which most people of ordinary prudence usually exercise under similar circumstances, and this is generally, though not always, a question for the jury. *Ehnert v. Mews,* 151 Wis. 425, 138 N. W. 998.

It is clear that the defendant's automobile was approaching at high speed. The plaintiff testifies that he looked northward just as he was stepping off the sidewalk and saw nothing. This is not incredible. He was following a number of men crossing the street to board the same car. He walked nearly or quite twelve feet before he was struck. He was intent on reaching the car, and he doubtless did not expect that any automobile driver would run past a standing street car which was receiving passengers with such speed. It is well said by the supreme court of Massachusetts in a similar case, "the usual rule of ordinary care does not impose upon them" (travelers upon highways) "the burden of being constantly on the lookout to see if their path is free from dangerous defects or in a state of apprehension of personal injury from other travelers. The traveler not only has a right to presume that the way is reasonably fitted for his use, but also that those who may be lawfully using it with himself will exercise a proper degree of care." *Hennessey v. Taylor,* 189 Mass. 583, 76 N. E. 224. See, also, *Arseneau v. Sweet,* 106 Minn. 257, 119 N. W. 46; *Ouellette v. Superior M. & M. Works,* 157 Wis. 531, 147 N. W. 1014.

2. The instructions claimed to have been erroneous are as follows:

"You are further instructed that a pedestrian, after making observation and ascertaining that there were no automo-

biles or other vehicles in his vicinity or dangerously near, may proceed to cross a city thoroughfare."

"If at the time a pedestrian leaves the curb he observes the street is clear and that there are no vehicles on the street for a distance greater than that which would be covered by a vehicle operating at a lawful rate of speed in order to reach the pedestrian's line of operation, he may proceed on the assumption that all vehicles not within such distance will be operated at a lawful rate of speed."

In view of the principles already laid down in this opinion it seems clear that these instructions were correct. Pedestrians act on these assumptions every day. It may well be that if a pedestrian actually sees that a vehicle is approaching at a rate of speed which would make his crossing dangerous he is not entitled to take the chances. But there was no evidence in the present case that the plaintiff actually did observe that the defendant's car was approaching at a high rate of speed or that he could have observed it under the circumstances. We find no error in the instructions.

*By the Court.*—Judgment affirmed.