# CHARLESTON.

ERNEST E. COATES, *Infant, Etc. v.* AUTO SALES COMPANY

(No. 6155)

Submitted April 24, 1928.   Decided November 20, 1928.

*John P. Arbenz* and *C. R. Campbell,* for plaintiff in error.
*Nesbitt, Goodwin & Nesbitt,* for defendant in error.

LITZ, JUDGE:

The defendant Auto Sales Company, a corporation, is aggrieved by the judgment of the circuit court, entered upon a verdict of $15,000.00 against it in favor of the plaintiff, Ernest Coates, for personal injuries sustained by him when

struck by an automobile of defendant while being operated by one, William Mitchem, upon a public thoroughfare, in Ohio county, 1:30 A. M., July 2, 1925.

Prior to July 1, 1925, the Auto Sales Company owned and operated in the City of Wheeling, an automobile business which, on that date, it sold and delivered to William Nolan and Gordon Roberts. William Mitchem, nineteen years of age, had been staying around the place of business for five or six weeks, intermittently performing service for the defendant for which he received such compensation as it saw fit to allow him. He slept in the building used in the conduct of the business. While the merchandise embraced in the sale was being inventoried on the day of its delivery, Mitchem assisted in the loading of a truck of the defendant with certain materials which had not been sold. Late in the afternoon, when the purchasers had assumed charge of the business, W. L. Smith, President of defendant, requested Mitchem to drive the truck to another place of business of the defendant in Wheeling the following morning. The loading of the truck was completed in the evening by Mitchem and Corbett Howell, who had been serving the defendant as a night employee at the plant. H. D. Evans, who had been the local manager of the business for the defendant, returned in the evening to do some clerical work for it and to place its books of account in the loaded truck. About 11 o'clock in the night Mitchem took him to his home, near by, in an automobile of the defendant. Later, upon his own initiative and with the knowledge of Corbett Howell, Mitchem drove the car to his father's home, several miles distant, for the purpose, as he claims, of returning a small batch of tools belonging to him and which he had been using in the service of the defendant. Enroute on his return he seriously injured the plaintiff by the negligent operation of the car.

The main reliance of the defendant is that the evidence does not support the finding of liability against it. This position is based upon two contentions: (1) that the casual employment of Mitchem terminated in the afternoon before the accident when the purchasers assumed charge of the business; and (2) that although this relation had not finally

terminated, it was in suspension, at the time of the injury.

In view of the fact that Mitchem was to drive the truck the next morning to another place of business of the defendant, we do not think that the relation of employer and employee between them had finally terminated before the accident. The decisive question, therefore, is whether Mitchem was on duty and in the service of defendant at the time of the injury.

The master is not liable for the act of the servant resulting in injury to another if committed at a time when the servant is off duty. 39 C. J. 1296, citing numerous cases. There can be no question of the fact that the duties of Mitchem for the day had ended before he started on the trip for the purpose, as he says, of carrying his tools home. The practice testified to by him of using the cars of the defendant without its express authorization does not render it liable for his negligence of which the plaintiff complains. *Ritter* v. *Hicks,* 102 W. Va. 541.

There is no merit in the position of the plaintiff that Mitchem was in the service of the defendant while making the trip, because of the obligation of the Auto Sales Company to return the tools. Mitchem was not at the time carrying out any instructions of the defendant, and admits that he could have taken the tools the next morning on the truck to its place of business and thence on the street car to his home.

The judgment of the lower court will be reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*