# CHARLESTON.

J. E. Mollohan *v.* Charleston Interurban Railroad
Company.

(No. 6553)

Submitted January 21, 1930.  Decided January 28, 1930.

*J. Howard Hundley,* for plaintiff in error.
*Geo. D. Moore* and *Cyrus H. Gadd,* for defendant in error.

Wood, Judge:

The Charleston Interurban Railroad Company complains
of a judgment of the circuit court of Kanawha county refus-
ing a writ of error and supersedeas to a judgment rendered
by the common pleas court of said county on a verdict in
favor of the plaintiff, assessing damages to the latter's auto-
mobile in .the sum of $169.35.

The accident, in which the damages to the car were sus-
tained, occurred just west of Indiana Avenue on Charleston
Street.  Indiana Avenue joins Charleston Street at right.
angles from the north but does not cross it.  A "stop" sign
or "dummy" is located back of the north curbline of Charles-

ton Street in Indiana Avenue. The defendant's tracks occupy Charleston Street. This street is of sufficient width to permit westbound vehicular traffic to pass between a street car and automobiles parked parallel with the north curb. Plaintiff had driven down Indiana Avenue to Charleston Street, and was attempting a right turn into the latter, with the intention of continuing west, when he noticed a street car approaching from that direction.

Plaintiff testified that he stopped at the "dummy"; that from that point he was unable to see more than fifteen or twenty feet down Charleston Street, as the building on the corner obstructed his view; that a Ford sedan was parked within three feet of the corner, and that owing to its position, he was compelled to enter the defendant's tracks in order to make the turn into Charleston Street; that when he got out on the track with one of the wheels, he discovered the advancing street car, which was then seventy-five or eighty feet away; that in attempting to back into the clear he "killed" his engine. One of his witnesses testified that the street car could have been stopped in twenty feet. Two others corroborated plaintiff's statement that he stopped his automobile at the "dummy," and that a number of automobiles were parked along the north curb of Charleston Street. While one of the witnesses stated that the parked automobiles "wasn't right up close to the curb with both wheels; they were kind of bias into the curb," there is no positive testimony to the effect that westbound traffic could not have passed with safety between them and the advancing street car, except plaintiff's own statement "you can't get around the corner with that car (Ford sedan) parked there, and stay off the street car tracks."

The motorman states that plaintiff did not stop on arriving at Charleston Street, but drove rapidly out and immediately in front of said street car, and so close (twenty-five to thirty feet) that it was impossible to stop the car in time to avoid the accident; that he did all he could to stop the car as quickly as possible, having due regard for his passengers; and, further that under ordinary circumstances the street car could not have been stopped under sixty to seventy-five feet.

The testimony introduced on behalf of both the plaintiff and defendant fixed the street car's rate of speed at from twelve to fifteen miles per hour.

The chief contention of the defendant in this Court is that the trial court erred in giving plaintiff's instruction embodying the doctrine of the last clear chance, and in refusing defendant's peremptory instruction.

While the ordinance may have required a stop before entering Charleston Street, this of itself did not absolve the plaintiff of the duty of exercising ordinary and reasonable care on proceeding out onto defendant's tracks, especially since he admits that his view was obstructed at the point he stopped. Where both street car companies and automobiles have a right to use the public streets, the rights of each must be exercised with due regard to the rights of the other, and in such a manner as not unreasonably to infringe upon the rights of the other. *Blackwood* v. *Traction Company*, 96 W. Va. 1. In other words, it was the duty of the driver of the automobile, before entering upon the tracks of the street car, to use ordinary and reasonable care in ascertaining whether or not a street car was approaching, and to allow it to pass first, if the respective speed of the street car and the automobile were such that the automobile could not clear the tracks before the street car would arrive. In view of plaintiff's own version of the situation, he was admittedly guilty of contributory negligence.

But is the evidence of circumstances surrounding the injury, sufficient to justify the action of the trial court in giving the instruction on the last clear chance? Under the rule adopted in this state the doctrine of last clear chance would apply only in those cases where the motorman knew, or by the exercise of due care ought to have known, of plaintiff automobilist's probable peril in time to avoid collision. *McLeod* v. *Charleston Laundry Co.*, 106 W. Va. 361; *Attelli, Adm'x.* v. *Laird*, 106 W. Va. 717; *Deputy* v. *Kimmell*, 73 W. Va. 595.

Plaintiff's case is based on testimony that the street car was sixty to eighty feet from the corner at the time he drove out into Charleston Street and upon defendant's track, and that the motorman could easily have avoided the accident—

assuming that the car could have been stopped in twenty feet. But are we warranted in finding that the motorman knew, or by the exercise of ordinary care ought to have known, of plaintiff's probable peril at the time the automobile was driven into Charleston Street and upon the defendant's tracks? The motorman, being sixty to eighty feet distant, would have had reason to believe that plaintiff would continue west, at the same time pulling into the clear between the track and the parked cars. Under plaintiff's theory of the case, was it possible for the motorman to have sensed the fact that plaintiff had stopped on the track or "killed" his engine for a second or more? In that length of time the street car would have been some twenty-two or more feet nearer the point of the accident. While one of the plaintiff's witnesses would stop the car in twenty feet, he does not attempt to state that in so doing he would be giving due regard to the passengers on board, but admits that it "probably would jar them up a little bit." However, the motorman states, and in this he is corroborated, that it would take at least sixty feet to stop the car, considering that he was making twelve to fifteen miles per hour. While the instruction seems to state the law correctly, there is no evidence in this case upon which to base it. Under the circumstances, we are of opinion that the trial court should have given defendant's peremptory instruction.

The refusal to give defendant's instruction No. 3, was also assigned as error. It told the jury, among other things, that it was the duty of the plaintiff to come to a stop before driving onto Charleston Street at a point where the motorman on the street car could see the automobile. This was clearly wrong, and the trial court properly refused to give it.

Under the view we have taken of the case, the evidence as to the amount of damages sustained becomes immaterial.

*Judgment reversed; verdict set aside;*
*new trial awarded.*