FRANK G. SIMMS AND FLOSSIE W. SIMMS *v.* CHARLESTON INTERURBAN RAILROAD CO.

Submitted October 13, 1931.   Decided October 20, 1931.

(Nos. 6952, 6952-A)

J. *Howard Hundley,* for plaintiff in error.
A. J. *Barnhart,* for defendants in error.

HATCHER, JUDGE:

These two actions arose from a collision between an automobile owned by F. G. Simms and one of defendant's street cars. In case No. 6952, Simms seeks to recover damages for injuries to his automobile, and for expenditures in the treatment of his wife, alleged to have been injured in the collision. In case No. 6952-A his wife seeks a recovery for her injuries. Both cases were submitted on the same evidence, and each plaintiff obtained a judgment for $150.00. The defendant asks reversals here.

The evidence for the plaintiffs is as follows: About 8 P. M., on December 12, 1929, Mrs. Simms was driving plaintiff's sedan along Indiana Avenue in the city of Charleston. At the intersection of the avenue with Charleston Street, she stopped and looked each way along the street. Automobiles were parked on both sides of the street, which is narrow at that point, and she could see only some 20 feet to her right; she did not see or hear a street car, and turned to the right into the street. She then saw a street car approaching from 50 to 75 feet distant. She could not back, as an automobile was following her; she could not turn to the left, as a vehicle was approaching on that side of the street, so she pulled her machine to the right as close to the parked automobiles as possible and stopped. The street car came on and struck the sedan, tearing off the left headlight and left front fender. The speed of street cars at that place is limited by ordinance to ten miles an hour. The speed of the street car on this occasion was estimated by several witnesses to have been about twenty miles an hour (one witness to this speed was driving an automobile just in front of the street car the place of collision and estimated the speed of the street car from the speed of his automobile). Mrs. Simms was jarred by the collision but was not struck by anything. She received no visible mark of injury and stated at the time she was not hurt. Two days later, her right ankle commenced to swell, pain ensued requiring the attention of a physician, and she was invalided for six weeks (still has a knot on her ankle) during which time her husband did the cooking. She says

she had her right foot on the brake of the sedan at the moment of collision; that her ankle had caused her no suffering prior thereto, and therefore she attributes the trouble with her ankle to the jar of the collision.

The plaintiff spent $66.00 for repairs on the sedan; paid $10.00 to the physician who attended Mrs. Simms; and expended $31.25 on medicine for her. He gave no estimate of what his services as cook for six weeks were reasonably worth.

Defendant (properly waiving its evidence which contradicts that of plaintiffs) makes the following contentions: first, neither plaintiff is entitled to recovery, because Mrs. Simms was guilty of contributory negligence in venturing on the street car tracks when her vision was obstructed, citing *Mollohan* v. *Rr. Co.*, 108 W. Va. 490, and like cases; second, it is not properly shown that the collision caused the injury to Mrs. Simms' ankle; and third, if Mr. Simms should recover anything, the evidence does not sustain the amount of his verdict.

(1) The facts that Mrs. Simms stopped at the entrance to Charleston Street and looked and listened for street cars, and that she entered the street with her automobile under control, preclude any idea of legal negligence, arising from her limited view, as she had the right to expect that a street car would approach at a lawful speed (not over 10 miles an hour) and be under the control of its operator. *Ritter* v. *Hicks*, 102 W. Va. 541, 545-6 and authorities cited.

(2) Mrs. Simms felt no injury to her ankle at the time of the collision and symptoms of a sprain were not manifested until many hours afterwards. It is common experience that a sprain or other serious injury to a joint is felt immediately and swelling occurs within a very short time. For which reason and also because Mrs. Simms failed to support her unprofessional opinion that the collision injured her ankle with the evidence of her attending or other physician, we cannot uphold the recovery in her favor, or in favor of Mr. Simms for expenses connected with her treatment.

(3) For the above reasons the verdict in favor of Mr. Simms in excess of $66.00 (repairs) is not properly supported.

The judgments in both cases are accordingly reversed, the verdicts of the jury set aside, and new trials awarded.

*Judgments reversed; verdicts set aside; new trials awarded.*