MASON MILBY *v.* ROY DIGGS

(No. 8446)

Submitted October 28, 1936. Decided December 1, 1936.

*Dillon, Mahan & White, Rummel, Blagg & Stone* and *M. Harper Mauzy* for plaintiff in error.

*Hubard & Bacon* and *Poffenbarger & Poffenbarger,* for defendant in error.

HATCHER, PRESIDENT:

The plaintiff was struck by defendant's automobile, and, in this action, recovered a judgment for personal injuries.

The evidence was contradictory; but under our view of the case, only plaintiff's version need be recounted. He is an adult. The accident occurred in the evening on a narrow city street flooded with light. When within a step of the street, plaintiff observed defendant's car approaching thereon "50 or 75 feet or maybe more" distant. Without pausing, plaintiff proceeded into the street from two to three feet, where, on turning to step back to the curb, he was struck by the car and seriously injured. He explained "I thought * * * I could either get across or he could have checked down. * * * I started on across the street and seen I couldn't make it, and I turned and started back. * * * he were too close on me, he was driving too fast to stop, couldn't have stopped if he had wanted to." The speed of the car at the time was estimated by plaintiff's witnesses at about thirty miles an hour. A city ordinance limited the speed of travel at the place to fifteen miles an hour.

Plaintiff contends that by the exercise of ordinary care defendant could have avoided the accident, and that it was proximately caused by his breach of the ordinance. The defendant responds that plaintiff's precipitate entrance on the street constituted contributory negligence as a matter of law and was the proximate cause of the collision, irrespective of a violation of the ordinance.

Plaintiff's description of his attempt to cross the street discloses utter lack of caution; his venture was knowingly chance-taken. If defendant was thoughtless of others, plaintiff was heedless of himself, and their concurrent indifference caused the accident. Plaintiff would palliate his negligence under such cases as *Ritter* v. *Hicks,*

102 W. Va. 541, 135 S. E. 601, 50 A. L. R. 1505, and *Curtis* v. *Dobson-Peacock*, (Va.) 186 S. E. 13. In the *Ritter* case, the deceased started to cross a street, 33.7 feet wide, when the defendant's car was about 75 yards distant, and was struck near the center of the street. All the time the deceased was in the street, he was within the vision of Hicks. In the *Curtis* case, Mrs. Curtis was crossing a street 32 feet wide, and was half-way across when she first observed the Peacock car. It was then about 100 feet distant. She continued to cross and was at the curb when struck by the car. The way was clear but the driver of the car did not see her until 50 feet away. He admitted that under existing con-ditions the car should have been stopped within 38 feet. In the *Ritter* and *Curtis* cases, the several judg-ments for the pedestrians were upheld. In each case, the defendant had ample time to avoid the accident, had he been vigilant. Such opportunity was not afforded the defendant in the instant case. Assume for the sake of argument that the view each of the parties first had of the other was coincident. If so, plaintiff was then in a place of safety and because of the car's proximity to him, defendant had the lawful right to assume that plaintiff would remain in safety and not step suddenly into the path of the car. An advance of two to three feet into the street (one step) and a turn, would normally require not more than one to two seconds. That interval did not give defendant sufficient time, as plaintiff virtual-ly admits, "for both appreciation of the dangerous situation and effective effort to relieve it." *Juergens* v. *Front*, 111 W. Va. 670, 674-5, 163 S. E. 618. Without such time the last clear chance doctrine does not apply.

In *Halzle* v. *Hargreaves*, 233 Mich. 234, 206 N. W. 356, the plaintiff was struck by an automobile when she had advanced into the street about 8 feet from the curb. The court held that both the plaintiff and the driver of the car were negligent and refused plaintiff a re-covery. In *Dando* v. *Brobst*, 318 Pa. 325, 177 A. 831, the plaintiff was struck just as she took the second step from the curb, to cross a street, and when she was not more

than three feet from the curb. The court entered a judgment for defendant, saying "One moving into path of approaching automobile by which he was immediately struck cannot absolve himself of contributory negligence by saying that he looked." In *Watson* v. *Lit Bros.*, 288 Pa. 175, 135 A. 631, 632, recovery was denied where a pedestrian stepped into "a cartway" in the path of a truck, and was killed. (Distance from curb not given). The court said: "He who voluntarily attempts to pass in front of an approaching vehicle when it is dangerously near, assumes the risk. It must be kept in mind that the truck * * * was in view for a long distance, while the deceased was in the cartway only an instant before the accident. Furthermore, the driver is not bound to anticipate the unexpected acts of persons not in path of travel suddenly placing themselves there."

The judgment is reversed, and the verdict set aside.

*Judgment reversed; verdict set aside.*